IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL A. SEFELDEEN,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT AYERS, JR., Warden,<br><br>    Respondent. | No. C 07-01289 SBA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS; DISMISSING CLAIM THREE WITH PREJUDICE; AND DISMISSING PETITION WITH LEAVE TO AMEND OR DIRECTING PETITIONER TO REQUEST FOR A STAY OF PROCEEDINGS**<br><br>(Docket no. 6) |

    Petitioner Kamal A. Sefeldeen, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims.

    Respondent[1] moves to dismiss the petition on the ground that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims, or in the alternative, he moves to dismiss all the claims in the petition on the grounds that Petitioner fails to establish that the Court has subject matter jurisdiction as to Claims One and Two, fails to set forth a prima facie claim for relief as to Claim Three, and fails to set forth a federal question for review as to Claim Four. Petitioner opposes the motion, and Respondent has filed a reply to the opposition.

    Having considered all of the papers filed by the parties, the Court GRANTS in part and DENIES in part Respondent's motion to dismiss.

**BACKGROUND**

    On September 3, 1987, Petitioner was sentenced to twenty-five years to life in state prison

---

[1] The State claims that under 28 U.S.C. § 2243, the proper respondent is Robert Ayers, Jr., the warden at San Quentin State Prison where Petitioner is incarcerated; therefore, the Court construes this as a request to substitute the Respondent. (Mot. to Dismiss at note 1.) In its May 17, 2007 Order, the Court noted that it was the State's practice in prisoner petitions challenging parole decisions to designate James Davis, the Chairman of the Board of Parole Hearings, as the proper Respondent, and the Court substituted him as Respondent. The Court now GRANTS Respondent's request and directs the Clerk of the Court to substitute Respondent Ayers as Respondent in this action in place of Respondent Davis. Therefore, only Respondent Ayers moves for dismissal.

for first degree murder with a firearm, plus five years for assault with a firearm. (Pet. at 3.) The California Board of Prison Terms (BPT)[2] conducted an initial parole consideration hearing on December 2, 2004. (Pet. Attach. 3 at 6.) After the hearing, the BPT concluded that Petitioner was not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (Pet. Attach. 3, Ex. A at 67.) Consequently, Petitioner was denied parole for four years. (Id. at 75.)

Following his parole denial, Petitioner filed a petition for writ of habeas corpus with the Santa Clara County Superior Court on February 21, 2006. (Pet. Attach. 3.) In his state petition, Petitioner alleged that the BPT found him unsuitable for parole in violation of his due process rights. (Id.) The superior court denied the petition in a two-page order filed on May 19, 2006. (Pet. Attach. 1.) Petitioner subsequently filed a state habeas petition with the California Court of Appeal. (Pet. at 6.) Petitioner's state appellate court petition added a fourth claim to the original three claims which he previously raised in his state superior court petition. (Opp'n at 2.) Petitioner's fourth claim alleged that: "The Superior Court abused its discretion by fail[ing] to address petitioner [sic] constitutional claims and by circumventing petitioner's request for a new parole consideration hearing due to violation of petitioner's due process [rights]." (Id.) On June 26, 2006, the California Court of Appeal summarily denied the state habeas petition. (Pet. Attach. 4.)

On July 7, 2006, Petitioner filed a state habeas petition with the California Supreme Court. (Resp't Ex. 1.) In the MC-275 form accompanying Petitioner's state supreme court petition, he stated that the same four claims raised in his petition filed with the California Court of Appeal were "incorporated into this petition." (Id.) Petitioner did not add any additional claims to his state supreme court petition which were not raised in his state appellate court petition. (Id.) On February 7, 2007, the California Supreme Court summarily denied the petition. (Pet. Attach. 5.)

Petitioner subsequently filed his federal habeas petition on March 6, 2007. Petitioner's

---

[2] The BPT was abolished effective July 1, 2005, and replaced with the California Board of Parole Hearings. Cal. Penal Code § 5075(a). However, the Court will continue to use "BPT" to denote the past actions of the Board of Parole Hearings, the real party in interest.

2

federal petition alleges that at his initial parole consideration hearing, the BPT violated his right to due process by: (1) preventing him from hearing the tape-recorded statement from the victim's father and failing to provide Petitioner with a transcript of the tape-recorded statement before the hearing (Claim One); (2) allowing statements from the victim's next of kin beyond that permitted under California Penal Code § 3043.2 (Claim Two); and (3) requiring Petitioner to submit parole plans in the United States contrary to federal law regarding his deportation (Claim Three). (Pet. at 8-9.) Petitioner also alleges that the state courts abused its discretion by failing to address Petitioner's constitutional claims on the merits and by circumventing his request for a new parole hearing based on the BPT's violation of his due process rights (Claim Four). (Id.)

On July 17, 2007, Respondent filed the instant motion to dismiss Petitioner's federal habeas petition. Petitioner filed an opposition to the motion on August 20, 2007. Respondent filed a reply to the opposition on September 4, 2007.

## DISCUSSION

### I.    BPT's Procedural Errors (Claims One and Two)

Petitioner alleges a violation of his due process rights stemming from the BPT's two procedural errors during his initial parole suitability hearing. First, Petitioner argues that the BPT violated California Penal Code §§ 3041.5, 3043.6 as well as Title 15 of the California Code of Regulations §§ 2247, 2249 when it prevented him from listening to or receiving a transcript of the tape-recorded statement from the victim's father.[3] (Pet. at 14.) Second, Petitioner contends the BPT allowed statements at his hearing from the victim's next of kin beyond that permitted under California Penal Code § 3043.2. (Id. at 18.) Respondent has moved to dismiss Claims One and Two for lack of subject matter jurisdiction. Respondent contends that the aforementioned sections of the California Penal Code and Title 15 of the California Code of Regulations, which require the BPT to

---

[3] At the parole suitability hearing, Petitioner was unable to listen to the tape-recorded statement from the victim's father because the only available tape recorder was being used to record the hearing. (Pet. Ex. A to Attach. 3 at 13.) Petitioner was informed that the statement could not be played for him during the hearing, and that the statement would be played for the BPT during deliberations. (Id.)

3

comply with certain due process requirements at parole suitability hearings, do not create a federal liberty interest because the language of these statutes fail to satisfy the two requirements set forth by the Supreme Court: "the statute sets forth substantive predicates to govern official decision-making, and contains explicitly mandatory language that mandates a particular outcome if the substantive predicates have been met." (Mot. to Dismiss at 4-5 [citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989)].) However, Respondent's argument is unavailing. The Supreme Court in Thompson did not foreclose the possibility that a state parole scheme may create a federal liberty interest, stating: "We have held, however, that state law may create enforceable liberty interests in the prison setting. We have found, for example, that certain regulations granted inmates a protected interest in parole . . . ." Thompson, 490 U.S. at 461 (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979) and Board of Pardons v. Allen, 482 U.S. 369 (1987)).

While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz, 442 U.S. at 7, a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest, see Allen, 482 U.S. at 376-78 (Montana parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); Greenholtz, 442 U.S. at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. See Allen, 482 U.S. at 373-81; Greenholtz, 442 U.S. at 11-16.

In re Dannenberg, 34 Cal. 4th 1061 (2005), the California Supreme Court addressed various aspects of California's parole scheme. Since then, the Ninth Circuit has made clear that "California inmates continue to have a liberty interest in parole after [Dannenberg]." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1125 (9th Cir. 2006) (finding that district court misread Dannenberg

4

which did not hold that there is no constitutionally protected liberty interest in parole -- but upholding denial of petition on other grounds); see id. at 1127-28 (reviewing the Dannenberg decision and relying on Greenholtz and Allen, to find a protected liberty interest).  Because controlling Ninth Circuit authority holds that California's parole scheme creates a federally protected liberty interest, Petitioner is entitled to adequate procedural due process protections at his parole suitability hearings.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2254 to decide whether Petitioner's federal constitutional rights were violated by the BPT's procedural errors during his initial parole suitability hearing.  Accordingly, the Court rejects Respondent's argument, and the motion to dismiss is DENIED as to Claims One and Two.[4]

## II.  **Parole Plans in the United States (Claim Three)**

Petitioner alleges that the BPT violated his due process rights by conditioning his parole on the submission of parole plans in the United States, which is contrary to federal law regarding his deportation. (Pet. at 20.)  Respondent contends that the Petitioner fails to state a prima facie claim for relief as to Claim Three because "the record clearly states that the lack of parole plans in the United States played no role in denying parole to Petitioner." (Mot. to Dismiss at 6.)

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Court finds Petitioner's allegations to be conclusory because the petition does not proffer enough facts to state a due process claim relating to his alleged failure to submit parole plans in the United States.  The record shows that the BPT did not deny parole based on Petitioner's failure to

---

[4] As to Claim Two, Respondent also argues that Petitioner "fails to state a prima facie claim for relief because the Board panel did warn and admonish the victim's next of kin to limit her testimony to the permitted under California Penal Code § 3043.2 when she disclosed her intention to address Petitioner's character." (Mot. to Dismiss at note 2.)  The record shows that the BPT tried to stop the victim's next of kin from commenting on anything other than the "effect of the crime on the victim" pursuant to California Penal Code § 3043.2(a)(1). (Pet. Attach. 3, Ex. A at 62-73.)  However, the victim's next of kin still made comments about Petitioner's character and capability to be rehabilitated. (Id. at 63-65.)  Accordingly, the Court finds that Petitioner has presented a prima facie claim for relief as to Claim Two.

submit viable parole plans in the United States.  The BPT specifically noted that "[p]arole plans are not an issue because [Petitioner] will be, [due] to his INS hold, he will be deported to Egypt should he receive a parole date in the future."  (Pet. Attach. 3, Ex. A at 70.)  The Court notes that shortly thereafter, Deputy Commissioner Starn stated, "I think you need parole plans in this country which means a place to stay and a job in this country, and a place to stay and a job in Egypt."  (Pet. Attach. 3, Ex. A at 73.)  In denying this claim in the state habeas petition, the Santa Clara County Superior Court noted that "[w]hile Petitioner's parole plans should not have been an issue, (given his certain deportation,) the comments by Deputy Commissioner Starn were not central to the Board's decision and are, therefore, no cause to disturb the ultimate decision reached."  (Pet. Attach. 1 at 2.)  This Court agrees with the state superior court's determination that Deputy Commissioner Starn's comments were not central to the BPT's decision to deny parole, (pet. attach. 1 at 2), in light of the fact that moments earlier Presiding Commissioner Fisher specifically noted that Petitioner's parole plans in the United States were "not an issue," (Pet. Attach. 3, Ex. A at 70).

Accordingly, Petitioner fails to state a prima facie claim for relief based upon his allegation that the BPT violated his due process rights by conditioning his parole on the submission of parole plans in the United States.  Therefore, Respondent's motion to dismiss is GRANTED as to Claim Three.

### III.   Abuse of Discretion (Claim Four)

In Claim Four, Petitioner alleges that "the state courts abused [their] discretion by failing to address Petitioner's constitutional claims on the merits and by circumventing petitioner's request for a new parole consideration hearing."  (Pet. at 22.)  Respondent contends that the claim relates to both the state superior and appellate courts' denial of Petitioner's state habeas petitions and that Petitioner failed to exhaust his abuse of discretion claim against the state appellate court, and thus, that part of the claim is unexhausted.  (Mot. to Dismiss at 2.)

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting

6

the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.[5]  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his or her habeas petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

If the petition combines exhausted and unexhausted claims, then the United States Supreme Court, in Rose v. Lundy, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims.  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  However, the rule is not as absolute as might first appear.  Rose itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the district court can then consider those which remain.  See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).  And there are two other exceptions:  one is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2); and the other is that, rather than dismiss, the district court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  The specific factual basis of the federal claim also

---

[5] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court.  Id.  If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the state supreme court.  Id. at 1006 n.3.

must be presented to the highest state court. Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. Baldwin v. Reese, 541 U.S. 27, 30-34 (2004).

The exhaustion requirement also may be satisfied if no state remedy remains available. See Casey, 386 F.3d at 920; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

There is no dispute that Petitioner "fairly presented" three of the four federal claims to the California Supreme Court in his July 7, 2006 state habeas petition. (Resp't Ex. 1.) Therefore, the Court finds that the petition contains three claims that are exhausted.

Respondent contends that Petitioner did not fairly present his remaining fourth claim, his abuse of discretion claim, to the California Supreme Court. The Court notes that Petitioner submitted identical state habeas petitions to the state appellate and supreme courts. Petitioner's state habeas petitions only alleged that the Santa Clara County Superior Court had abused its discretion. On the other hand, his federal habeas petition alleges "that **the state courts** abused its discretion by failing to address Petitioner's constitutional claims." (Pet. at 22 [emphasis added].) Claim Four refers to both the Santa Clara County Superior Court's and the California Court of Appeal's denials of Petitioner's state habeas petitions. Because Petitioner did not "fairly present" the California Supreme Court with the part of his claim relating to the California Court of Appeal's abuse of discretion, that part of his claim is not exhausted.

Accordingly, Petitioner has failed to exhaust his claim that the state courts abused their discretion by failing to address Petitioner's constitutional claims on the merits, in violation of his due process rights (Claim Four).[6] Therefore, the Court GRANTS Respondent's motion to dismiss the

---

[6] Respondent also argues that Claim Four fails to set forth a federal question for review. (Mot. to Dismiss at 5-6.) However, the Court need not address this argument upon finding that Claim Four is unexhausted and that dismissal of the mixed petition without reaching the merits of any of its claims is appropriate pursuant to Rose, unless Petitioner elects one of the choices outlined in this Order. See Guizar, 843 F.2d at 372.

8

petition as a "mixed" petition that contains both exhausted and unexhausted claims. See Rhines, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his unexhausted claim as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his unexhausted claim. See Rhines, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claim in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his unexhausted claim in state court and the claim is potentially meritorious. See id.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss Petitioner's claims relating to the BPT's procedural errors (Claims One and Two) for lack of subject matter jurisdiction is DENIED.

2. Respondent's motion to dismiss Petitioner's claim relating to his parole plans (Claim Three) is GRANTED. Therefore, Claim Three is DISMISSED with prejudice.

3. Respondent's motion to dismiss Petitioner's claim relating to the abuse of discretion by state courts (Claim Four) is GRANTED because the petition is mixed.

4. No later than **thirty (30) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the unexhausted claim,[7] or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.

5. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 07-1289 SBA (PR), as well as the words FIRST

---

[7] If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

9

AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

6.   If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

7.   The Clerk of the Court is directed to substitute Warden Robert Ayers, Jr. as Respondent in place of James Davis, Chairman of the Board of Parole Hearings.

8.   This Order terminates Docket no. 6.

IT IS SO ORDERED.

DATED: March 31, 2008

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KAMAL A. SEFELDEEN,

        Plaintiff,

  v.

BOARD OF PRISON TERMS et al,

        Defendant.
                                      /

Case Number: CV07-01289 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamal A. Sefeldeen
San Quentin State Prison
#D-65574
CSP-San Quentin
San Quentin, CA 94974

Dated: April 9, 2008

                                  Richard W. Wieking, Clerk
                                  By: LISA R CLARK, Deputy Clerk