| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

KAMAL A. SEFELDEEN,        )    No. C 07-01289 SBA (PR)
                           )
        Petitioner,        )    **ORDER DIRECTING RESPONDENT**
                           )    **TO SHOW CAUSE WHY THE**
v.                         )    **PETITION SHOULD NOT BE**
                           )    **GRANTED AS TO CLAIMS ONE AND**
                           )    **TWO**
ROBERT AYERS, JR., Warden, )
                           )
        Respondent.        )
_____)

Petitioner Kamal A. Sefeldeen, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four claims. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss. Respondent moved to dismiss the petition on the ground that Petitioner filed a mixed petition containing both exhausted and unexhausted claims, or in the alternative, he moved to dismiss all the claims in the petition on the grounds that Petitioner: (1) failed to establish that the Court had subject matter jurisdiction as to Claims One and Two; (2) failed to set forth a prima facie claim for relief as to Claim Three; and (3) failed to set forth a federal question for review as to Claim Four. Petitioner opposed the motion, and Respondent filed a reply to the opposition.

In an Order dated March 31, 2008, the Court granted in part and denied in part Respondent's motion to dismiss. The Court denied Respondent's motion to dismiss as to Petitioner's claims relating to the California Board of Prison Terms' procedural errors (Claims One and Two) for lack of subject matter jurisdiction. The Court granted Respondent's motion to dismiss as to Petitioner's claim relating to his parole plans (Claim Three); therefore, Claim Three was dismissed with prejudice. Finally, the Court granted Respondent's motion to dismiss as to Petitioner's claim relating to the abuse of discretion by state courts (Claim Four) because it was unexhausted. Because the Court determined that Claims One and Two were exhausted and Claim Four was unexhausted, the petition should have been dismissed as a mixed petition. See Rose v. Lundy, 455 U.S. 509 (1982)

(If the petition combines exhausted and unexhausted claims, then the United States Supreme Court requires dismissal of the entire habeas petition as a mixed petition without reaching the merits of any of its claims.).  However, the Court ordered Petitioner to make an election regarding how he wanted to proceed with regard to his unexhausted claims.  The Order required Petitioner to either: (1) file an amended petition that includes only his exhausted claims and strikes the unexhausted claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.  The Court further stated, "If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims."  (Mar. 31, 2008 Order at 10.)

On April 28, 2008, Petitioner filed an amended petition in which he has elected to proceed with only the exhausted claims (Claims One and Two).  He has struck his unexhausted claim (Claim Four); therefore, Claim Four is DISMISSED based on his voluntary dismissal of this claim.  Accordingly, the amended petition appears to contain only exhausted Claims One and Two, which should be addressed on their merits.  The Court now sets a new schedule below for the parties to file their briefs pursuant to the May 17, 2007 Order To Show Cause.

## CONCLUSION

1. Petitioner's Claim Four has been struck and is not included in his amended petition; therefore, Claim Four is DISMISSED based on his voluntary dismissal of this claim.

2. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to Claims One and Two.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer.  Should

Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

  4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

  5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

  IT IS SO ORDERED.

DATED:  6/1/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

P:\PRO-SE\SBA\HC.07\Sefeldeen1289.OSCafterELECTION.frm  3

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KAMAL A. SEFELDEEN,

   Plaintiff,

 v.

BOARD OF PRISON TERMS et al,

   Defendant.
                /

Case Number: CV07-01289 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamal A. Sefeldeen
San Quentin State Prison
#D-65574
CSP-San Quentin
San Quentin, CA 94974

Dated: June 3, 2009

              Richard W. Wieking, Clerk
              By: LISA R CLARK, Deputy Clerk